1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BILL PATTERSON,

11            Plaintiff,                    No. CIV S-06-1778 DAD

12        v.

13   MICHAEL J. ASTRUE,                     <u>ORDER</u>
     Commissioner of Social Security,[1]
14
             Defendant.
15   _____/

16            This social security action was submitted to the court, without oral argument, for

17   ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion

18   for summary judgment.  For the reasons explained below, the undersigned will affirm the

19   decision of the Commissioner of Social Security (Commissioner).

20                              **PROCEDURAL BACKGROUND**

21            Plaintiff first applied for Supplemental Security Income (SSI) benefits under Title

22   XVI of the Social Security Act (Act) on November 19, 1981.  (Transcript (Tr.) at 74.)  The

23   Commissioner awarded benefits based on a primary diagnosis of mental retardation and indicated

24   that the case should be reviewed every seven years, the maximum permitted time between

25   _____

26        [1]  Michael J. Astrue has been substituted for Jo Anne B. Barnhart as defendant in this suit
     pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

                                              1

reviews, because medical improvement was not expected.[2]  (Id.)  In 1996, plaintiff was

diagnosed as HIV positive, and in 1997 he was diagnosed as having AIDS.  (Tr. at 45, 214.)  In

1999, plaintiff was incarcerated, and his SSI benefits were terminated.  (Tr. at 45.)

Plaintiff was released from prison on August 7, 2004, and reapplied for SSI

benefits on August 12, 2004.  (Tr. at 66-71, 74.)  The Commissioner denied plaintiff's new

application on September 15, 2004.  (Tr. at 50, 52-56.)  Plaintiff's request for reconsideration

was denied on January 11, 2005.  (Tr. at 51, 57-62.)  Pursuant to plaintiff's request dated January

28, 2005, a hearing was held before an administrative law judge (ALJ) on February 2, 2006, at

which time plaintiff was represented by his present counsel.  (Tr. at 64, 36-49.)

In a decision issued on March 13, 2006, ALJ Antonio Acevedo-Torres determined

that plaintiff is not disabled.  (Tr. at 13-27.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since the date of filing of his application for supplemental security income payments.
>
> 2.  The claimant's history of a seizure disorder which is controlled with medication, and Human Immunodeficiency Virus (HIV) which has responded to treatment, are considered "severe" based on the requirements in the Regulations 20 CFR § 416.920(c).
>
> 3.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 4.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

/////

/////

/////

---

[2]  In his motion for summary judgment plaintiff raises no challenge to the denial of benefits, at the time of his re-application in 2004, based upon these prior findings.

5.   The undersigned finds that exertionally the claimant has no impairment-based exertional limits on his ability to work.  Nonexertionally, his history of a seizure disorder which is controlled with medication, and Human Immunodeficiency Virus (HIV) which is controlled with medication, preclude him from working at unprotected heights, around dangerous machinery, as well as driving for employment purposes.

6.   The claimant has no past relevant work experience. (20 CFR § 416.965).

7.   The claimant is a 'younger individual' (20 CFR § 416.963).

8.   The claimant has 'a limited education' (20 CFR § 416.964).

9.   The claimant has no exertional limitations (20 CFR § 416.945).

10.   Considering the range of work at all levels that the claimant is still functionally capable of performing, in combination with his age, education, and work experience, and using section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, the claimant is not disabled.

11.   The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(g)).

(Tr. at 26-27.)

On March 15, 2006, plaintiff requested review of the ALJ's decision.  (Tr. at 12.) The Appeals Council denied the request on June 21, 2006.  (Tr. at 5-8.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 10, 2006.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of

3

the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller

v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599;

Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389,

401 (1971)).

A reviewing court must consider the record as a whole, weighing both the

evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760

F.2d 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum

of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

substantial evidence supports the administrative findings, or if there is conflicting evidence

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the

five-step sequential evaluation process established under the Social Security regulations.  Title 20

of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized

as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.

4

1        Step four: Is the claimant capable of performing his past work?  If
so, the claimant is not disabled.  If not, proceed to step five.

2

3        Step five: Does the claimant have the residual functional capacity
to perform any other work?  If so, the claimant is not disabled.  If
not, the claimant is disabled.

4

5   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in

6   the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The

7   Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.;

8   Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

9   **APPLICATION**

10        Plaintiff advances three arguments in his motion for summary judgment.  First, he

11   asserts that the evaluation of a consultative physician who examined him only once should not

12   have been included in the evidentiary record.  Second, plaintiff argues that the ALJ improperly

13   rejected the findings of plaintiff's treating physician in favor of the conclusions of the

14   consultative physician.  Third, plaintiff contends that the ALJ's rationale indicates bias toward

15   plaintiff.  The court addresses these arguments below.

16   **I.  The Weight Given to Medical Opinions**

17        The weight to be given to medical opinions depends in part on whether they are

18   proffered by treating, examining, or non-examining professionals.  Lester, 81 F.3d at 830.  "As a

19   general rule, more weight should be given to the opinion of a treating source than to the opinion

20   of doctors who do not treat the claimant."  Id.  This is so because a treating doctor has a greater

21   opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d

22   1273, 1285 (9th Cir. 1996).  "At least where the treating doctor's opinion is not contradicted by

23   another doctor, it may be rejected only for 'clear and convincing' reasons."  Lester, 81 F.3d at

24   830 (quoting Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).  The ALJ need not give

25   weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172

26   F.3d 1111, 1113-14 (9th Cir. 1999); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

1    "Even if the treating doctor's opinion is contradicted by another doctor, the

2    Commissioner may not reject this opinion without providing 'specific and legitimate reasons'

3    supported by substantial evidence in the record for so doing." Lester, 81 F.3d at 830 (quoting

4    Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).  If a treating professional's opinion is

5    contradicted by an examining professional's opinion that is supported by different, independent

6    clinical findings, the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th

7    Cir. 1995) (citing Magallanes, 881 F.2d at 751).  The opinion of a non-examining professional,

8    without other evidence, is an insufficient basis for rejecting the opinion of either a treating or

9    examining professional.  Lester, 81 F.3d at 831.

10   The opinions at issue in this case are those of John R. Nienow, M.D., a physician

11   who had been treating plaintiff for a year when he completed a physical residual functional

12   capacity questionnaire on October 27, 2005 (tr. at 275-99, 301-05), and Sanford Selcon, M.D.,

13   who performed a complete internal medicine evaluation of plaintiff and prepared a summary

14   report on September 2, 2004 (tr. at 214-20).

15   Prior to the administrative hearing, plaintiff's counsel objected in writing to Dr.

16   Selcon's consultative evaluation being made part of the record.  (Tr. at 148.)   Counsel asserted

17   that Dr. Selcon was provided with no treatment records and that his sole source of information

18   was plaintiff, who was deemed to be only a "fair" historian.  (Tr. at 148-49.)  Counsel also

19   argued that Dr. Selcon's findings were not sufficiently detailed.  (Tr. at 149.)  At the

20   administrative hearing, counsel renewed his objection to the Selcon evaluation, reporting

21   plaintiff's statement that the examination had lasted a very short time and he was not required to

22   disrobe.  (Tr. at 38-39.)  Counsel argued that the unavailability of medical records for Dr.

23   Selcon's review justified excluding the evaluation from the record.  (Id.)  The ALJ received the

24   report into evidence, stating that it "will be reviewed and given the weight that it should be given,

25   if any." (Id.)

26   /////

1    In his written decision, the ALJ noted plaintiff's objection to Dr. Selcon's

2    consultative evaluation and observed that,

3    > [w]hile the examination may not have lasted a significant length of
>    time, in reviewing the doctor's report, it appears to be complete
4    > review of all systems.  Doctor Selcon's detailed and
>    comprehensive report is reflective of the fact that he performed a
5    > complete examination, and there is no evidence that the examining
>    physician was unable to complete his examination of the claimant
6    > according to reasonably acceptable medical standards.  The
>    undersigned has reviewed his opinion evidence, in conjunction
7    > with the other opinion in the record, in accordance with the
>    provisions of 20 CFR 404.1527.  Therefore, even though the
8    > claimant's concerns are noted, it does not establish a basis to reject
>    the objective clinical findings cited in that report.

9

10   (Tr. at 16.)

11   The ALJ summarized Dr. Nienow's treatment of plaintiff as follows:

12   > The claimant was paroled in August 2004 and began treatment
>    with John Neinow [sic], M.D., at the CARES Medical Clinic,
13   > where he was continued on his medications/estrogen injections.  In
>    October 2004, his AIDS was reported to be controlled with
14   > medications.  Subsequent records indicate the claimant was treated
>    for a rash which improved with medication, and he was stable on
15   > medications.  The claimant was seen for complaints of swelling in
>    his legs which comes and goes and was usually absent in the
16   > morning, but started in the evening.  In June 2005, the claimant
>    was prescribed Cimetidine for complaints of nausea and bloating
17   > every other day.  He had missed two to three doses of his
>    medication.  The claimant was diagnosed with transgender therapy
18   > and HIV-controlled.  Treatment notes in December 2005 indicate
>    the claimant just got out of jail recently and wanted to start
19   > Estrogen therapy again.  The claimant was seen in January 2006 for
>    complaints of swelling in his feet.  He had spent 45 days in the
20   > California Medical Center and had not reported to his parole
>    officer.  The claimant's HIV medications were refilled.  There were
21   > no complaints of seizures, and the claimant's foot pain was thought
>    to be due to gout.

22

23   (Tr. at 18 (citing Ex. 12F, tr. at 274-99).)  This summary is followed by a description of Dr.

24   Selcon's report, which begins with plaintiff's medical history and continues with details of Dr.

25   Selcon's physical examination of plaintiff.

26   /////

Examination revealed the claimant's height was 71" and his weight
was 183 pounds.  He walked with no limp and he had no assistive
device.  Examination was within normal limits.  There was no
evidence of organomegaly on examination of the abdomen.
Strength in the right upper and both lower extremities was normal,
5/5.  His left upper extremity was less strong, at 4/5.  The claimant
was diagnosed with a history of HIV disease and AIDS with
associated neuropathy; a seizure disorder; mental health issues
including hallucinations and delusions; and transgender
conversion, ongoing male to female.  Doctor Selcon opined that the
claimant could sit and stand/walk without limitations.  He could
lift/carry 25 pounds.  There were no postural, manipulative, visual,
communicative or workplace environmental limitations.

(Tr. at 19 (citing Ex. 3F, tr. at 214-20).)

After reviewing all of the medical evidence, the ALJ evaluated Dr. Nienow's

October 2005 opinion concerning plaintiff's residual functional capacity and gave "little

evidentiary weight to the extreme findings" in the opinion.  (Tr. at 22.)  The ALJ explained that

the opinion is not supported by detailed, clinical diagnostic
evidence.  Doctor Neinow [sic] did not cite objective findings that
relate to functional limitations and restrictions assessed; and his
findings appear to be based solely upon the claimant's recitation of
his subjective complaints.  It also appears that he did not examine
the claimant at the time of his statements, which suggests that his
findings were an accommodation in part by the physician in an
attempt to assist the claimant in his disability claim, rather than for
treatment.

Doctor Neinow's [sic] minimal findings noted at the time of his
evaluations are not consistent with the extreme limitations he
assessed, nor are they consistent with the findings in the other
evidence of record, as described above.  As noted previously,
Doctor Neinow's [sic] chart notes indicate on many occasions that
the claimant's HIV was controlled and his seizures were
controlled.  His last progress note before completion of this form
was on June 9, 2005, when it was noted that the claimant's HIV
was controlled.

(Tr. at 22 (citations omitted).)  Giving more weight to Dr. Selcon's objective clinical findings,

the ALJ concluded that plaintiff has no exertional limitations.  (Id.)

The undersigned finds that Dr. Nienow's opinion is conclusory and unsupported

by clinical findings.  Throughout the questionnaire, Dr. Nienow's responses are abbreviated,

8

incomplete, and, in some cases, nonexistent.  On the first page alone, in response to the question

regarding the nature, frequency, and length of his contact with the patient, Dr. Nienow merely

responded "one year"; in response to the request for a list of his patient's symptoms, he answered

"edema"; he responded to a question about pain by entering a zero; he indicates that there are no

clinical findings and objective signs; and he enters a question mark in the space provided to

describe the patient's treatment and response, including side effects, to medication that may

affect his ability to work.  (Tr. at 301.)  On the second page, despite having entered a zero in

response to the first question about pain, Dr. Nienow circles "often" in response to the question

"How often is your patient's experience of pain or other symptoms severe enough to interfere

with attention and concentration?"  (Tr. at 302.)  Dr. Nienow indicates that plaintiff is incapable

of even "low stress" jobs but fails to explain the reasons for his conclusion, as required by the

form.  (Id.)  On the third and fourth pages, Dr. Nienow answers merely "yes" to four questions

that clearly require a further response.  (Tr. at 303-04.)  On the last page, Dr. Nienow provides no

response at all to the request for a description of any other limitations, such as psychological

limitations, that would affect his patient's ability to work at a regular job on a sustained basis.

(Tr. at 305.)  The undersigned finds that the ALJ did not err in giving Dr. Nienow's conclusory

and unsupported opinion little evidentiary weight.  See Meanel, 172 F.3d at 1113-14;

Magallanes, 881 F.2d at 751.

          Further, the ALJ did not err in giving greater evidentiary weight to Dr. Selcon's

report.  While the Selcon report is not lengthy, it is a summary report of a complete internal

medicine evaluation.  (Tr. at 214.)  It is true that plaintiff's medical records were not available[3]

for Dr. Selcon's review, but plaintiff has not demonstrated that Dr. Selcon's summary of

plaintiff's complaints and medical history omits any significant complaint or historical

---

     [3]  Dr. Selcon had "a disability report-adult filled out by the plaintiff."  (Tr. at 215.)  The
record contains three such reports, but the only one that was completed prior to the date of Dr.
Selcon's report contains extensive information.  (Tr. at 77-95.)

1 information that would alter the findings made by Dr. Selcon based on both formal testing and

2 observations of plaintiff's spontaneous action.  (Tr. at 216-17.)

3        In this case, the treating physician's cursory form opinion need not be given

4 evidentiary weight and, to the extent that the opinion is contradicted by the examining

5 physician's independent clinical findings, the ALJ provided specific and legitimate reasons,

6 supported by substantial evidence in the record, for rejecting the treating physician's opinion.

7 See Lester, 81 F.3d at 830.  Moreover, the ALJ was entitled to resolve the conflict between the

8 treating professional's opinion and the examining professional's opinion.  See Andrews, 53 F.3d

9 at 1041.  Plaintiff's arguments to the contrary are unpersuasive.

10 **II.  Establishing Bias**

11        "ALJs and other similar quasi-judicial administrative officers are presumed to be

12 unbiased.  'This presumption can be rebutted by a showing of conflict of interest or some other

13 specific reason for disqualification.'"  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999)

14 (quoting Schweiker v. McClure, 456 U.S. 188, 195 (1982)).  See also Rollins v. Massanari, 261

15 F.3d 853, 857-58 (9th Cir. 2001); Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir. 1996) (urging

16 transfer of the case to a different ALJ where the tone of the decision suggested "an unshakable

17 commitment" to denial of the claim).  "'[E]xpressions of impatience, dissatisfaction, annoyance,

18 and even anger'" by themselves do not establish bias.  Rollins, 261 F.3d at 858 (quoting Liteky v.

19 United States, 510 U.S. 540, 555-56 (1994)).  In order to rebut the presumption that an ALJ is

20 unbiased, the claimant is "required to show that the ALJ's behavior, in the context of the whole

21 case, was 'so extreme as to display clear inability to render fair judgment.'"  Id. (quoting Liteky,

22 510 U.S. at 551).  Finally, "the burden of establishing a disqualifying interest rests on the party

23 making the assertion."  McClure, 456 U.S. at 196.

24        Here, plaintiff argues that the ALJ demonstrated bias by remarking that plaintiff's

25 "diligence in his pursuit of his goal of persisting with the transgender process, indicates he is

26 capable of maintaining adequate persistence, coping with change and capable of dealing with the

1   stress of unskilled work activity." (Tr. at 23.) Plaintiff contends that the statement is not true

2   and demonstrates the ALJ's bias toward plaintiff's transgender therapy.

3          The sentence at issue appears at the conclusion of the ALJ's discussion of

4   possible restrictions on plaintiff's mental functioning, daily activities, or social interaction due to

5   depression or memory problems. (Tr. at 22-23.) The ALJ found "no evidence of any limitation

6   in cognitive, attention or memory or any behavior which would render the claimant unable to

7   respond appropriately or to deal with routine changes in a work setting," citing the diagnoses of

8   treating physician Richard Sanchez, M.D.; David C. Richwerger, Ed.D., a licensed psychologist;

9   and Janice Y. Nakagawa, Ph.D., a licensed psychologist. (Tr. at 22-23.) The ALJ cites

10  plaintiff's pursuit of a goal, i.e., transgender therapy, as evidence of such strengths as maintaining

11  persistence, coping with change, and dealing with stress.

12         The undersigned is inclined to agree with plaintiff that going to the doctor once

13  every two weeks to receive an estrogen shot "hardly suggests that [the claimant] is capable of

14  working eight hours a day five days a week," and the statement may indeed reflect the ALJ's

15  misunderstanding of or insensitivity to gender identity issues. However, the undersigned

16  understands the ALJ's attempt to link plaintiff's pursuit of a goal to such work-related skills as

17  persistence, coping, and dealing with stress. Having carefully reviewed the ALJ's entire written

18  decision and the transcript of the administrative hearing, the undersigned is unable to find that

19  the ALJ's reference to plaintiff's transgender therapy demonstrates a clear inability to render fair

20  judgment. See Rollins, 261 F.3d at 858. Plaintiff has not demonstrated bias rising to a level that

21  requires reversal or remand.

22  /////

23  /////

24  /////

25  /////

26  /////

1         Accordingly, IT IS HEREBY ORDERED that:

2         1.  Plaintiff's motion for summary judgment and/or remand is denied;

3         2.  Defendant's cross-motion for summary judgment is granted; and

4         3.  The decision of the Commissioner of Social Security is affirmed.

5    DATED: October 1, 2007.

6

7    _____

8    DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

9    DAD:kw
     Ddad1/orders.socsec/patterson1778.order

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26